# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| MID-AMERICAN SALT LLC<br>*f/k/a* Midwest Salt of Fort Wayne, LLC, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | ) | CASE NO: 1:16-cv-00280-PPS-SLC |
| | ) | |
| D.J.'S LAWN SERVICE, INC.,<br>*d/b/a* DJ's Landscape Management, | )<br>)<br>) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a Notice of Removal filed by Defendant, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 1). In the Notice of Removal, Defendant alleges that "[u]pon information and belief, each of Plaintiff's members is a citizen of the state of Indiana." (DE 1 ¶ 3).

There are two problems with the Notice of Removal. First, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *see Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).

Second, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the name and citizenship of each of the members of Plaintiff Mid-American Salt, LLC, to ensure that none of the members share a

common citizenship with Defendant. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Such citizenship must be "traced through multiple levels" for those members of Plaintiff who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). Defendant cannot, as it attempts to do here, simply allege a "naked declaration that there is diversity of citizenship," *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007), by asserting that "each of Plaintiff's members is a citizen of the state of Indiana" and "none of Plaintiff's members is a citizen of Michigan." (DE 1 ¶ 3).

As the party seeking to invoke federal diversity jurisdiction, Defendant bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Therefore, Defendant is ORDERED to supplement the record by filing an amended notice of removal that properly alleges the citizenship of each of the parties on or before August 3, 2016.

SO ORDERED.

Enter for this 20th day of July 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge